DANIEL G. BOGDEN
United States Attorney
RUSSELL E. MARSH
Chief, Criminal Division
NICHOLAS D. DICKINSON
Assistant United States Attorney
Lloyd D. George U.S. Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

JAY R. NANAVATI
TIMOTHY J. STOCKWELL
Trial Attorneys, Tax Division
United States Department of Justice
Washington, DC 20530
(202) 514-5762

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No: 2:09-CR-00022-GMN-RJJ |
| ) | |
| Plaintiff, ) | RESPONSE TO DEFENDANTS' MOTION |
| ) | FOR STATUS HEARING |
| v. ) | |
| ) | |
| ALAN L. RODRIGUES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Jay R. Nanavati and Timothy J. Stockwell, Department of Justice Trial Attorneys, has no objection to the status hearing that the Defendants request (Document No. 111) and provides the following information to the Court.

**1. <u>Audit Files</u>**

In their motion, the defendants assert that they "offered" by letter to withdraw their motion for discovery of audit files but heard nothing back from the government. This argument ignores the salient fact that the defendants concluded their letter by assuring the recipients of the letter that "any

response by the government can await such hearing unless this Honorable Court is of a contrary opinion." The government took the defendants at their word and thus believed their assertion that the motion for discovery of audit files had been withdrawn. If a response was required, the government has now responded in a separate communication by stating that it never has opposed and does not now oppose the request to obtain full access to the universe of NADN-related material now in the possession of the NADN bankruptcy trustee. This is further discussed below. Additionally, taking into consideration the government's response to the defense's Motion to Compel Discovery, the government will continue to work with the defense regarding other "non-controversial" discovery materials.

In their motion, the defendants also argue that they reinstated their motion for discovery of audit files with their sur-reply to the government's sur-reply. The government did not understand the sur-reply to be an attempt to reinstate the defendants' withdrawn motion for discovery of audit files. If it was such an attempt, the government responds by referring the defendants and the Court to the government's Response to Defendants' Motion for Discovery (Document No. 96), filed on April 22, 2010. To the extent the defense has now reinstated their previously withdrawn request for audit files, the Court's involvement is required.

**2.     Treatment of the 1,740 Boxes**

Given the positions of the parties, the government agrees that the Court's guidance is needed to help resolve certain issues regarding the approximately 1,740 boxes of materials. As the defense mentions, the government turned these materials over to the defense because it became impractical for the government to supervise the defense's review. This was done in a good faith attempt to expedite the discovery process. The government then proposed certain commonsense guidelines to govern the defense's review and storage of the materials. The government proposed the following agreement: (1) that originals not be altered or destroyed; (2) any originals that are removed from a box must be replaced to its original location; (3) the government be permitted access to the original documents after coordinating with the defense, and if necessary take possession of originals for the government's own review; (4) if the defense scans any documents that copies be shared with the government; and (5) that the defendants themselves not have unsupervised access to the documents

for any extended period of time.  The defense has never substantively responded to the government's proposals, only recently informing the government that they would "continue to handle these items in an appropriate manner."

Further, in a June 21, 2010, letter to the government the defense stated that they were releasing these 1,740 boxes of documents back to the government for the purpose of having the government store and scan the approximately 750 boxes of material that the defendants believed to be "sufficiently relevant to warrant further inspection."  The defense now indicates that it has funding available to continue to store and review these documents.  It is therefore unclear what, if anything, the defense wants the government to do with these 1,740 boxes.

The government agrees that the Court's intervention is necessary to address the disputed issue of setting forth appropriate guidelines for the defense's continued possession of these documents.  Further, to the extent the defense wants the government to bear the costs to store, copy or scan these documents, the government objects and asserts that the Court's intervention is required.

**3.    The Bankruptcy Trustee**

The defense also requests that the Court compel the NADN bankruptcy trustee to cooperate with the defense's reasonable discovery inquiries and that the government "agree not to oppose" such a request.  At every turn, the government has made clear to the defense that it does not oppose the defense's having full access to the material now in the possession of the NADN bankruptcy trustee.  However, as the government has repeatedly stated in the past, the trustee is a third party and the government has no authority over him and cannot compel his cooperation.  Federal Rule of Criminal Procedure 17(c) provides the defense with a mechanism for accessing records in the possession of a third party, and the record indicates that the defense has submitted a subpoena request to the Court.  The government reserves the right to oppose any subpoena request that is unreasonable or merely for the purpose of delay or other improper reasons.

**4.    Other Discovery Issues Raised in Motion For Discovery**

The defense also asks if the Court will rule on the remaining disputed discovery requests in its Motion for Discovery.  While the government and the defense are attempting to narrow these issues, the government expects that the Court will still have to rule on some of them.  The government

-3-

1  proposes informing the Court regarding any additional discovery disputes at the proposed status
2  hearing.

4  DATED this 19th day of July, 2010.

                Respectfully submitted,
                DANIEL G. BOGDEN
                United States Attorney
                RUSSELL E. MARSH
                Chief, Criminal Division
                NICHOLAS D. DICKINSON
                Assistant United States Attorney

                s/ Jay Nanavati and Timothy Stockwell
                JAY R. NANAVATI
                TIMOTHY J. STOCKWELL
                Trial Attorneys

## **CERTIFICATE OF ELECTRONIC SERVICE**

This is to certify that on July 19, 2010, the undersigned served counsel for Defendants Alan Rodrigues, Weston Coolidge, and Joseph Prokop, with the foregoing by means of electronic filing.

                s/ Jay Nanavati and Timothy Stockwell
                JAY R. NANAVATI
                TIMOTHY J. STOCKWELL
                Trial Attorneys