# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH PROKOP, et al,<br><br>    Defendants. | 2:09-cr-00022-GMN-RJJ<br><br>**ORDER**<br><br>Defendant's Motion for Discovery (#94) and Defendant's Motion to Compel Discovery (#117) |

This matter came before the Court for a hearing on Defendants' Motion for Discovery (#94). The Court also considered Government's Response (#96), Defendants' Reply (#98), the Government's Sur-Reply (#102), and Defendants' Sur-Reply (#106). The Court also considered a related set of briefs, Defendants' Motion to Compel Discovery (#117), Government's Response (#118), and Defendant's Reply (#121).

## BACKGROUND

This is a case about an alleged tax fraud. Defendants were indicted on charges of conspiracy to defraud the IRS, aiding in the preparation of materially false tax returns, and mail fraud. The Defendants' Motion for Discovery (#94) was filed due to complaints that the Government lacked the ability or willingness to cooperate in discovery. Transcript (#93) at 27 lines 18-23. The discovery dispute continued as additional briefs were filed, including sur-replies. The dispute revolves mainly around the production of nearly 4,500 taxpayer audits which Defendants claim are vital to forming their defense, and which the government claims are not material and constitute an undue burden to produce.

As a result, the court ordered additional briefing on the subject of the audits. Minutes (#115). Defendants then filed their Motion to Compel Discovery (#117) and the responsive

<. 

briefs followed. A hearing was held on both discovery motions.

## DISCUSSION

**I. Whether the Audit Files are Discoverable**

Federal Rule of Criminal Procedure 16(a)(1)(E) states that upon request by the defendant, the government must disclose an item or items "if the item is within the government's possession, custody, or control and ... the item is material to preparing the defense." FED. R. CRIM. P. 16(a)(1)(E)(I).

**A. Whether the Audit Files are in the Government's Possession, Custody, or Control**

The government is in possession, custody, or control of an item when the prosecutor has knowledge of the item and access to it. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010). Information is material if the defendant can present facts which would tend to show that the government is in possession of information relevant to the development of a possible defense. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

1. Whether the Government Had Knowledge of and Access to the Audit Files

The prosecutor has knowledge of and access to anything in the possession, custody, or control of any federal agency participating in the same investigation of the defendant. *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). A federal agency participates in an investigation if that agency is charged with administering the statute under which charges are brought, or if the agency consulted with the prosecutor in the steps leading to prosecution. *See United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (holding that the FDA was part of the prosecution where it administered the statute at issue and consulted with the prosecutor in the steps leading to prosecution); *United States v. Butler*, 567 F.3d 885, 891 (9th Cir. 1978) (holding that prosecutors were responsible for nondisclosure of exculpatory evidence because investigative officers who knew of the evidence were part of the prosecution).

Here, the government has knowledge of and access to the audit files. Both the Criminal and Civil Investigation Divisions of the IRS have participated in the investigation and provided information to the government. Government's Response (#118) at 11-12. The government has

1  already produced the names, tax returns, and audit files of the taxpayers listed on the indictment.
2  *See* Bates numbers IRS-06-00001-IRS-06-01822; Government's Response (#96) at 22.
3  Furthermore, the government stated that the IRS is standing by to produce the 211 "no change"
4  audits upon appropriate order of this Court.  Government's Response (#118) at 12, ll. 21-24.
5  This shows that the government has knowledge of and access to audit files in the possession of
6  the IRS.

### B. Whether the Audit Files are Material

A defendant must make a threshold showing that the discovery sought is material by demonstrating facts that tend to show that the government possesses information helpful to the defense. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).  Information is helpful to the defense, and therefore material, if there is a reasonable probability it would change the outcome of the proceeding.  *United States v. Bagley*, 373 U.S. 667, 682 (1985).  A general description of the information sought or conclusory allegations of materiality do not constitute a sufficient showing.  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).  Where disclosure by the government would be unduly burdensome, the court must consider the government interest in light of the materiality shown.  *Id*.  Essentially, Defendants and the government disagree as to two issues that bear on whether the additional audit files are material: (1) the scope of the indictment, and (2) the legal effect and implications of a "no change" audit.

#### 1. Scope of the Indictment

Defendants argue that all the audit files, not just those of the taxpayers listed in the indictment, are material to whether the tax products sold by Defendants were fraudulent. Specifically, Defendants point out that audit files "will include a determination by the IRS Examining Agent of the legitimacy and legality of deductions and/or credits claimed by a taxpayer."  Corrigan Affidavit at ¶ 5, Attached as Exhibit B to Defendants' Reply (#121).

The government asserts that audit information of taxpayers who are not listed in the indictment is not material or relevant to whether the tax returns of those listed in the indictment were fraudulent.

A statement in the indictment incorporated into all counts reads: "Tax Break 2000 was a

shopping web site that the defendants fraudulently claimed would allow customers to claim legitimate income tax credits and deductions under the Americans with Disabilities Act of 1990 ("ADA") and the Internal Revenue Code."

Here, the alleged fraud is not limited to the taxpayers listed in the indictment, rather, it states that Defendants' product was fraudulent. Therefore, audits of taxpayers who purchased the alleged fraudulent product are material to the defense.

### 2. Audits Generally

Audits of the customers who purchased the allegedly fraudulent product may be helpful to the defense in that it will provide them with the IRS's analyses of the credits and deductions claimed. Corrigan Affidavit at ¶ 5, Attached as Exhibit B to Defendants' Reply (#121).

For example, if an audit of one of Defendants' customers determined that additional taxes were owed, but the change was not due to Defendants' product, then that audit would tend to show that Defendants' product was not fraudulent. Furthermore, even if a change was due because of Defendants' product, the audit information may have an explanation as to why that credit or deduction was improper. It is possible that the impropriety may be due to the taxpayer's fraudulent or improper use of Defendants' product. Because neither side knows exactly what information is in the audits, and there is a possibility that the audits may contain exculpatory information vital to the defense, the information should be provided despite the burden placed upon the government.

However, tax return information that was not audited is not material and any request for tax information of customers who purchased Defendants' product, but were not audited is too general to justify disclosure.

### 3. No Change Audits

The government's educated guess is that there are somewhere in the range of 10,000 audits that involve taxpayers who purchased Defendants' products for the Disabled Access Credit. At this time and with the information known to the parties, approximately 211 of those audits required no change. Defendants argue that it is unlikely that an IRS Examining Agent would issue a no change audit if there were a false credit or deduction because there are

1  institutional disincentives for examining agents to file a no change result. Corrigan Affidavit at
2  ¶ 10, Attached as Exhibit B to Defendant's Reply (#121).
3  　　　While the government initially stated in court that a no change audit meant that the audit
4  had "a clean bill of health," it now states that a no change audit could result if a false item has no
5  impact on the bottom line of a return. The government argues that a no change result is not a seal
6  of approval from the IRS and that there are many different reasons, some having nothing to do
7  with the allegedly fraudulent tax product, that a no change audit could be issued. However, the
8  government cites to no factual or other authority to support its explanation of the effects or legal
9  quality of a "no change" audit. Even if the no change audits were accepted by the IRS, the
10 government asserts that the whole purpose of the Defendants' scheme was to fool the examining
11 agent and therefore a no change audit has no exculpatory implication. Finally, the government
12 argues that the IRS's opinion as to the validity of the allegedly fraudulent product is not relevant
13 to any defense.
14 　　　Whether the no change audits are material turns on what a no change audit means. In
15 certain, specific statutory contexts, no change audits cannot be relied upon as precedent. *United*
16 *States v. Knapp*, 564 F.3d 1103, 1113-14 (9th Cir. 2009) (holding that a written no change
17 determination could not be relied upon as precedential in a case involving the violation of 26
18 U.S.C. § 6694). However, courts in the Ninth Circuit have allowed parties to rely on no change
19 letters in determining tax liability. *JJR, Inc. v. United States*, 950 F.Supp. 1037, 1044-46
20 (W.D. Wash. 1997) (holding that taxes should be reimbursed where a nightclub owner relied on a
21 no change audit for a different, but similar, nightclub when designing the employment structure
22 for a new nightclub). Other Circuits have pointed out that a no change audit means that
23 everything in the return was determined to be accurate and that no change audits are normally
24 never audited again. *United States v. Khubani*, 791 F.2d 260, 262 (2nd Cir. 1986) (holding that
25 the reason defendant attempted to bribe an IRS agent into issuing a false no change audit was
26 because it would make it seems as though "everything on the return was determined to be
27 accurate" by the IRS).
28 　　　Here, the no change audit information is material to the defense. A no change audit is a

1  determination that the information in the tax return is accurate and that there is no additional tax
2  liability.[1]  The no change audits are material to the defense because they may tend to show that
3  Defendants' product was not viewed as fraudulent.  If it was determined in the audits that the
4  credits and deductions were proper, then that customer was not defrauded by using Defendants'
5  product because the IRS concluded that the credits and deductions were legitimate.  Such
6  evidence would be helpful to the defense, because it tends to show that Defendants' product is
7  not fraudulent.
8      Because at least some of the no change audits are contemporaneous with sales of
9  Defendants' products, it is possible that the no change audits lead Defendants to believe that their
10 products were lawful.

   **C.  Whether 26 U.S.C. § 6103 Prevents Disclosure of the Audit Files**

12     The government argues that 26 U.S.C. § 6103 makes it legally impossible for it to
13 disclose the audit information.  This is not the case.  "A return or return information may be
14 disclosed in a Federal ... judicial ... proceeding pertaining to tax administration, but only to the
15 extent required by order of a court pursuant to section 3500 of title 18, United States Code, or
16 Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance
17 of such order to give due consideration to congressional policy favoring the confidentiality of
18 returns and return information as set forth in this title."  26 U.S.C. § 6103(h)(4)(D).
19     Here, Section 6103 does not preclude discovery of the audit information.  The audits are
20 not discoverable under 18 U.S.C. § 3500[2] unless an auditor, or other similar Government

---

[1] The IRS website guide defines a no change audit as "an audit in which you have substantiated all of the items being reviewed and results in no changes." http://www.irs.gov/businesses/small/article/0,,id=219552,00.html; Accessed Dec. 28, 2010.

[2] In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination

1  witness, testifies at trial. The audits are discoverable under the relevant part of Rule 16 "if the
2  item is within the government's possession, custody, or control and: (I) the item is material to
3  preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or
4  (iii) the item was obtained from or belongs to the defendant." FED. R. CRIM P. 16(a)(1)(E).
5  Therefore, if the court finds that the audits meet the standards described in Rule 16, they are
6  discoverable pursuant to 26 U.S.C. § 6103. Any possible disclosure of inappropriate information
7  such as social security numbers, home addresses, or names can be protected by redaction, thus
8  giving due consideration to congressional policy favoring confidentiality of tax returns and return
9  information. 26 U.S.C. § 6103(h)(4)(D); *United States v. Lloyd*, 992 F.2d 348, 352 (D.C.Cir.
10 1993).

11 Because the audit files are material to the defense, they are also discoverable under *Brady*
12 *v. Maryland*, 373 U.S. 83 (1963). "[A] conflict between production of *Brady* material and
13 statutory restrictions on disclosure of return information would have to be resolved in favor of
14 production." *United States v. Robertson*, 634 F.Supp. 1020, 1028 n. 10 (E.D.Cal. 1986), *aff'd*,
15 815 F.2d 714 (9th Cir. 1987), *cert. denied*, 484 U.S. 912 (1987).

16

17 **II.  Defendants' Other Discovery Requests**

18 Defendants Motion for Discovery (#94) contained 24 enumerated discovery requests
19 along with some general discovery requests. At the hearing held December, 16, 2010, Defense
20 counsel stated that, besides the audits, no other discovery issues remained at issue. The
21 government agreed. Therefore, Defendants Motion for Discovery (#94) will be denied without
22 prejudice.
23 . . . .
24 . . . .
25 . . . .
26 _____
27 in the trial of the case. 18 U.S.C. § 3500(a).
28

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Motion for Discovery (#94) is **DENIED** without prejudice.

IT IS FURTHER ORDERED that Defendants Motion to Compel Discovery (#117) is **GRANTED**.

IT IS FURTHER ORDERED that production of the no change audits must be made on or before March 9, 2012.

DATED this 14<u>th</u> day of February, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge