UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOSEPH PROKOP, ALAN L. RODRIGUES and WESTON J. COOLIDGE,<br><br>Defendants. | Case No. 2:09-cr-00022-MMD-GWF<br><br>ORDER |

## I.   SUMMARY

The Court is presented with two motions from the government: (1) Motion in Limine Regarding Testimony by Video; and (2) Motion for Rule 15 Deposition of Mary Orie. (Dkt. nos. 315, 327.) Defendant Alan Rodrigues opposes both motions. (Dkt. nos. 325, 328.) For the reasons discussed below, the first motion is denied and the second motion is granted.

## II.   BACKGROUND

The testimony at issue is that of Mary Orie, who resides in Virginia. According to the government, Ms. Orie will testify that she and employees of Tax Ready, an organization acquired by NADN, discussed the Tax Break 2000 after it was presented to them by defendant Prokop and his co-conspirator but decided that they would not prepare returns with the Tax Break 2000 without more documentation to show its legitimacy. Ms. Orie is also expected to testify that by the latter part of 2003, she repeatedly warned defendants about issues with the Tax Break 2000.

The government learned in January 2014 that Ms. Orie had not flown for a long time because of health issues, including a knee replacement surgery. At that time, she also indicated that she had some memory issues. On March 9, 2014, in a conversation about potential travel to Las Vegas, Ms. Orie "indicated that travel would be virtually impossible given her knee surgery, which was progressing slowly and causing her significant pain." (Dkt. no. 315 at 3.) Ms. Orie apparently "could not sit for more than an hour at a time" and "would have to take pain medication to relieve the pain, which often impacted her mental capacities." (*Id.*) Ms. Orie works part-time three days a week and has been told by her boss that she would be fired if she missed any days. The government also represents that it has learned that Ms. Orie has multiple-sclerosis and takes medication for the disease.

The government represents that it has proposed taking Ms. Orie's deposition and in the event defendants oppose her deposition, the government moves to offer her testimony by two-way live video conferencing. Counsel for Coolidge agreed to the deposition, counsel for Rodrigues objects and counsel for Prokop has not responded as of the filing of the government's motion for deposition. (Dkt. no. 327 at 4.) As noted, defendant Rodrigues opposes both motions. (Dkt. nos. 325, 328.)

### III.   DISCUSSION

The government requests a Rule 15 deposition, or to permit it to offer Ms. Orie's testimony via a live two-way video conference feed. In the motion requesting testimony by video, the government contends that it presents the video testimony as an option because of the temporal proximity to trial, the travel required for deposition in Virginia and the related travel expenses. The government asks the Court to apply the standards set forth in Federal Rule of Criminal Procedure 15 and Federal Rule of Evidence 804(a) in determining the proprietary of video testimony. The Court declines to apply the same standard.

The Supreme Court in *Maryland v. Craig*, 497 U.S. 836 (1990), upheld the use of one-way closed circuit television testimony by a child witness. The Supreme Court

1  observed that a defendant's right to confrontation has traditionally involved four
2  elements: (1) the testimony has been given under oath and (2) subject to cross-
3  examination; (3) the factfinder has the ability to observe the demeanor of the witness;
4  and (4) face-to-face confrontation. *Id.* at 845-46. The Court held, however, that a face-to-
5  face confrontation is a preference of the Confrontation Clause and must give way to
6  considerations of public policy and necessity. *Id.* at 849. The Court then established a
7  two-part test governing when a court may deviate from the face-to-face preference of the
8  Confrontation Clause: (1) the denial of physical confrontation must be "necessary to
9  further an important public policy"; and (2) the testimony must be sufficiently reliable. *Id.*
10 at 850.

11 There is a split among the circuits that have addressed the issue of two-way video
12 conferencing. The Second Circuit, in *United States v. Gigante*, 166 F.3d 75, 80–81 (2d
13 Cir. 1999), found that the *Craig* two-part test does not apply to a two-way
14 videoconferencing system that preserves face-to-face confrontation. Instead, the Second
15 Circuit adopted a rule whereby, so long as the "exceptional circumstances" requirements
16 for a deposition under Federal Rule of Criminal Procedure 15 are met, a court may allow
17 a witness to testify via a two-way videoconference "when this furthers the interests of
18 justice." *Id.* at 81. The Sixth Circuit appears to follow the Second Circuit. *See United*
19 *States v. Benson*, 79 F. App'x 813, 820-21 (6th Cir. 2003). The Eleventh Circuit,
20 rejecting the *Gigante* approach, held that the *Craig* two-part standard had to be met
21 even in two-way videoconference situations. *United States v. Yates*, 438 F.3d 1307,
22 1312-13 (11th Cir. 2006). The Eleventh Circuit found that two-way videoconferencing is
23 less protective of Confrontation Clause rights than a Rule 15 deposition, because a Rule
24 15 deposition allows the defendant to be present and because there is no Federal Rule
25 of Criminal Procedure that allows for two-way videoconferencing. *Id.* at 1314-15. "The
26 Sixth Amendment's guarantee of the right to confront one's accuser is most certainly
27 compromised when the confrontation occurs through an electronic medium." *Id.* at 1315.
28 The Eighth Circuit and the Fifth Circuit also follow the *Craig* two-part test. *See United*

States v. Bordeaux, 400 F.3d 548, 554 (8th Cir. 2005); Horn v. Quarterman, 508 F.3d 306, 319-20 (5th Cir. 2007). The Ninth Circuit has not addressed two-way video conferencing in this context.

The government asks the Court to follow the rule espoused by the Second Circuit in *Gigante*. However, the Court respectfully disagrees with the reasoning in *Gigante* and finds that the *Craig* two-part test applies to two-way videoconferencing that preserves face-to-face confrontation.

The government has not satisfied the *Craig* two-part test. The government offers video testimony as an alternative for convenience because of the closeness in time to trial and cost (i.e. to save travel costs). Indeed, the government essentially concedes that it cannot meet the *Craig* test by arguing for application of the "exceptional circumstances" requirement of Rule 15.

Federal Rule of Criminal Procedure 15 permits a deposition "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). "The granting of a Rule 15 motion is discretionary with the district court." *United States v. Nichols*, 534 F.2d 202, 204 (9th Cir. 1976). In exercising this discretion, it is the responsibility of the district court to consider "the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (*quoting United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991)).

The Government's motion conflates the prerequisites for taking a deposition and admitting a deposition into evidence. "Rule 15(a) does not require any conclusive showing of 'unavailability' or 'material testimony' before a deposition can be taken in a criminal case." *Id.* While the court may consider availability and materiality, there are no particular factors or prerequisite that it must consider when ruling on a motion to depose a prospective witness. *See United States v. Zavieh*, No. 12-cr-00195, 2013 WL 1283319, at *2 (N.D. Cal. March 27, 2013). "Rule 15(a) only requires that the trial court find that due to exceptional circumstances it is in the interest of justice that the testimony of a

1 | prospective witness be taken and preserved for possible use at trial." *Omene*, 143 F.3d
2 | at 1170.
3 |     The Court finds that exceptional circumstances exist in this case and that it is in
4 | the interest of justice that Ms. Orie be deposed. The Government represents that Ms.
5 | Orie has serious health issues that prevent her from traveling to Las Vegas from Virginia
6 | and that her testimony will be material to the trial. The Court therefore finds that the
7 | government has satisfied Rule 15's requirements.
8 |     The Court's decision to allow a deposition does not, however, reach the issue of
9 | admissibility. *See* Fed. R. Crim. P. 15(f).

10 | **IV.   CONCLUSION**

11 | It is therefore ordered that the government's Motion in Limine Regarding Testimony
12 | by Video (dkt. no. 315) is denied and Motion for Rule 15 Deposition of Mary Orie (dkt.
13 | no. 327) is granted.
14 |     DATED THIS 20th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE