UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09-cr-00022-MMD-GWF |
| Plaintiff, | |
| v. | ORDER |
| JOSEPH PROKOP, ALAN L. RODRIGUES and WESTON J. COOLIDGE, | |
| Defendants. | |

I.  **SUMMARY**

Before the Court is Defendant Joseph Prokop's motion to dismiss. (Dkt. no. 285.) Defendant Alan L. Rodrigues has filed a motion to join. (Dkt. no. 295.)

II.  **BACKGROUND**

Prokop's motion to dismiss asks the Court to impose sanctions, including dismissal, against the government for its "failure to preserve the foreseeable relevant evidence." (Dkt. no. 285 at 2.) According to Prokop, NADN was in the midst of reorganization in its bankruptcy proceedings when it was forced to shut down and begin liquidation as a result of the criminal indictment. The Internal Revenue Service imaged NADN databases and turned them over to the Bankruptcy Trustee assigned to oversee NADN's bankruptcy proceedings. The Bankruptcy Trustee allowed former NADN employees to work on the databases, which caused the images to be altered, rendering them forensically tainted. Prokop contends that this alteration resulted in missing documents and tainted databases and amounts to spoliation.

1    Prokop also offers the following to support his claim that the government failed to
2    preserve relevant evidence:    (1) a June 2004 Memorandum of Activities ("M.O.A.")
3    indicating that the Bankruptcy Trustee provided a complete copy of NADN's database,
4    which included the hard drives of 7 NADN employees, "none of which was received by
5    the defendants as discovery;" (2) a July 2006 M.O.A. stating that six hard drives,
6    including two belonging to defendant Rodrigues, were obtained and received by a former
7    NADN employee, and that the Bankruptcy Trustee discovered that Rodrigues had
8    removed his computers and requested that Rodrigues' computers be "wiped clean
9    before being turned over to the Trustee;" (3) an October 2006 M.O.A. showing that five
10   personnel files were forwarded to Special Agent Joseph Atkins, "none of which was
11   received by the defendants as discovery;" (4) some drive images produced in discovery
12   were not found on the "Bankruptcy Trustee drive;"[1]  (Dkt. no. 285 at 4.)

13       In sum, Prokop's motion is based on the government's conduct with respect to
14   two categories of evidence[2]:  (1) evidence that IRS agents received from the Bankruptcy
15   Trustee that have not been produced in discovery; and (2) electronic evidence destroyed
16   by the Bankruptcy Trustee's actions.   In response, the government represents that all
17   computer evidence in the government's possession has been produced to defendants.
18   (Dkt. no. 304 at 9.)  In his motion to join, Defendant Rodrigues argues that the alteration
19   of NADN's records by the Bankruptcy Trustee and at his direction has rendered the
20   evidence unreliable for use by the defense as well as the government.  (Dkt. no. 295 at
21   1.)
22   ///
23   ///
24
25       [1]The Court assumes Prokop is referring to the electronic files that were produced
     by the Bankruptcy Trustee.
26       [2]Prokop also contends that a November 2003 letter references an interview of
     Dan Porter but this material is not found in the discovery provided.  (Dkt. no. 285 at 3.)
27   The government responds that it does not have any documentation relating to that
     interview, a transcript of that interview is not in the government's possession, and the
28   government never ordered the transcript.  (Dkt. no. 304.)

III. **DISCUSSION**

As an initial matter, it is worth noting that Prokop does not contend that the evidence at issue is exculpatory and thus discoverable under *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. Nor does he contend that this evidence is material and thus discoverable under Federal Rule of Criminal Procedure 16. Prokop merely points out the discrepancy between the references to materials provided to IRS agents by the Bankruptcy Trustee and the materials produced in discovery. Prokop also directs the Court's attention to the alteration of electronic data due to the Bankruptcy Trustee's handling of said data. It is also worth noting that the defendants have had some difficulty in obtaining evidence from the Bankruptcy Trustee before the Court ordered the Bankruptcy Trustee to produce seized materials and to permit inspection in response to defendants' motion which the government did not oppose. (Dkt. nos. 155.)

The government does not have "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). However, "the government must always act in good faith to preserve relevant and material evidence, particularly if that evidence has apparent exculpatory value and where a defendant would be unable to obtain comparable evidence by other reasonably available means[.]" *United States v. Reed*, 575 F.3d 900, 917, n.13 (9th Cir. 2009) (quotation marks omitted) (*citing California v. Trombetta*, 467 U.S. 479, 489 (1984); *United States v. Artero*, 121 F.3d 1256, 1259-60 (9th Cir. 1997)). Material evidence is evidence "that might be expected to play a significant role in the suspect's defense." *Trombetta*, 467 U.S. at 488. "To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 490 (citation omitted).

With respect to the first category of evidence — evidence that the Bankruptcy Trustee provided to IRS agents but was not contained in the discovery materials — the

1   Court is presented with conflicting representations. Prokop relies on the absence of the

2   evidence to argue that the government must have failed to preserve the evidence. The

3   government represents they have provided all computer evidence obtained from the

4   Bankruptcy Trustee. Even assuming the missing evidence is material and must be

5   preserved and produced, Prokop has not demonstrated that the government failed to

6   preserve the evidence. Nor has Prokop shown that the government failed to act in good

7   faith in discharging its duty to preserve.

8         The second category of evidence involves evidence in the Bankruptcy Trustee's

9   possession and his handling of the evidence. According to Prokop, the United States

10   Trustee Program is an agency of the United States Department of Justice ("DOJ") and

11   the Executive Office for the United States Trustees is part of the DOJ, and each United

12   States Trustee, as an officer of the DOJ, is responsible for maintaining and supervising a

13   panel of trustees for chapter 7 bankruptcy cases. Prokop suggests that by virtue of this

14   tenuous relationship the Bankruptcy Trustee is therefore part of the prosecution team

15   and information held by the Bankruptcy Trustee falls within the government's disclosure

16   obligations under Rule 16. Prokop also appears to argue that the Bankruptcy Trustee's

17   conduct is imputed to the government such that the government is responsible for the

18   Bankruptcy Trustee's handling of NADN's database. Prokop's arguments are unavailing.

19         Prokop's arguments are premised on a flawed characterization of the role of a

20   bankruptcy trustee. The U.S. Trustee appoints "one disinterested person . . . to serve as

21   an interim trustee" in a chapter 7 case, and the interim trustee continues to serve as

22   trustee if creditors do not elect a chapter 7 trustee pursuant to § 702. *See* 11 U.S.C. §§

23   702(d), 321(a)(1). The bankruptcy trustee of a corporate debtor is the "legal

24   representative" and "fiduciary" of the bankruptcy estate. *See Trustee v. Joseph (In re*

25   *Joseph,* 208 B.R. 55, 60 (B.A.P. 9th Cir. 1997). The trustee thus owes a fiduciary duty to

26   conserve the assets of the debtor estate and maximize distribution to the creditors. *In re*

27   *Rigden*, 795 F.2d 727, 731 (9th Cir. 1989). The bankruptcy trustee is also an officer of

28   the court. *See In re Cont'l Coin Corp.*, 380 B.R. 1, 5 (Bankr. C.D. Cal. 2007). The

4

1   Bankruptcy Trustee is thus a legal representative of NADN's bankruptcy estate and he
2   answers to the bankruptcy court. He is not a part of the Executive Office for the United
3   States Trustees, let alone the prosecution team in this criminal case. Indeed, the
4   Bankruptcy Trustee is no more a member of the prosecution team than NADN is a
5   member of the prosecution team.

6   **IV.    CONCLUSION**

7          It is therefore ordered that Defendant Rodrigues' motion to join in Defendant
8   Prokop's motion to dismiss (dkt. no. 295) is granted. It is further ordered that Defendant
9   Prokop's motion to dismiss (dkt. no. 285) is denied.

          DATED THIS 27th day of March 2014.

                                          _____
                                          MIRANDA M. DU
                                          UNITED STATES DISTRICT JUDGE