UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOSEPH PROKOP, ALAN L. RODRIGUES and WESTON J. COOLIDGE,<br><br>Defendants. | Case No. 2:09-cr-00022-MMD-GWF<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Defendant Joseph Prokop's motion to dismiss ("Motion"). (Dkt. no. 298.) Defendants Weston J. Coolidge and Alan L. Rodrigues filed motions to join. (Dkt. nos. 319, 322.)

The Motion lacks clarity but it asks the Court to dismiss the Indictment because "a prosecution under the facts as they exist[] predicated on violations of IRC § 44, violates due process." (Dkt. no. 298 at 2.) IRC § 44 provides for tax credits for small businesses that expend resources to make their businesses accessible to disabled individuals. The statute directs the Secretary of Treasury to "prescribe regulations necessary to carry out [the statute's] purpose" and states that eligible expenditures "shall not include any amount unless the taxpayer establishes" that it "meets the standards promulgated" by the Secretary of the Treasury. (Id. At 9-10.) Prokop argues that IRC § 44 is ambiguous because such standards and regulations were never issued. (Id. At 10.) Prokop argues that, as a consequence of its ambiguity, IRC § 44 failed to "provide fair warning that

[Prokop's] action was criminal" and "cannot serve as a basis for a criminal prosecution against [Prokop]." (*Id.* at 4.)

However, Prokop's arguments appear to ignore allegations in the Indictment and his Motion is premature.

## II.   BACKGROUND

A brief summary of the general allegations of the Indictment are as follows. Oryan Management and Financial Services ("Oryan") created a website called "Tax Break 2000" and paid National Audit Defense Network ("NADN") a commission to handle sales of the website. (Dkt. no. 1 at ¶ 2.) NADN provided clients with tax-related services including preparation of income tax returns. (*Id.* at ¶ 1.) Rodrigues was NADN's general manager, Coolidge was NADN's chairman and president, and Prokop was NADN's national marketing director. (*Id.* at ¶¶ 4-6.) Prokop was the liaison between Oryan and NADN, and he trained NADN's staff to sell Tax Break 2000. (*Id.* at ¶ 6.) Tax Break 2000 was a shopping website. (*Id.* at ¶ 9.) Defendants claimed it would allow customers to claim legitimate income tax credits and deductions under the ADA and IRC. (*Id.*)

The Indictment alleges that Defendants: (1) created Tax Break 2000 as not accessible to disabled persons so that Defendants could sell modifications to each customer; (2) told customers that purchasing the modifications entitled them to lawful income tax credit and deductions; (3) chose a sale price for the modifications that maximizes the income tax credit and deductions; (4) induced customers to sign promissory notes for 80% of the purchase price of the modifications with no expectation that customers would pay the notes; (5) created false IRS Forms 1099 to give the appearance that the websites sold were generating commission income to pay off the promissory notes; (6) prepared tax returns on customers' behalf that claimed tax credits and business expense deductions related to Tax Break 2000 for which Defendants knew the customers were not eligible; and (7) mailed said tax returns to customers. (*Id.* at ¶¶ 14-20, 41, 45.)

///

### III. DISCUSSION

Though Prokop has couched his Motion in terms of a jurisdictional argument for dismissal, he seeks to dismiss the entire Indictment by focusing the Court's attention on an issue that does not reflect the Indictment's broad allegations. There are sufficient allegations supporting the charges in the Indictment for the Government to proceed with prosecution of this case, and Prokop's Motion ignores these allegations. Should the Government offer evidence at trial that implicates the allegedly ambiguous provisions of IRC § 44, Prokop may again seek dismissal. However, the Court finds that the Motion is premature at this stage.

Because Prokop seeks dismissal, it is important to review the allegations of the Indictment and the elements of the charged offenses. In reviewing a motion to dismiss under Fed. R. Crim. P. 12(b), the Court must accept the Indictment's allegations as true. See *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987); see also *United States v. Sampson*, 371 U.S. 75, 78-79 (1962) ("Of course, none of these charges have been established by evidence, but at this stage of the proceedings the indictment must be tested by its sufficiency to charge an offense."); *United States v. Gardley*, 2:10-cr-236, 2013 WL 4786208, at *10 (D. Nev. Sept. 5, 2013). The Court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, but the court may not "invade the province of the ultimate finder of fact." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). A motion to dismiss for lack of subject matter jurisdiction may not prematurely challenge "the sufficiency of the government's evidence tending to prove a material element" of the charged offenses. *Nukida*, 8 F.3d at 669-70. The Ninth Circuit found it persuasive that "'when a question of federal subject matter jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial.'" *Id.* at 670 (quoting *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987)).

///

The Indictment charges Defendants with twenty one counts. Count One charges Defendants with violation of 18 U.S.C. § 371 for conspiracy to defraud the United States by impairing and impeding the IRS. The "defraud clause" of 18 U.S.C. § 371 prohibits all conspiracies obstructing the operation of any government agency by any "deceit, craft or trickery, or at least by means that are dishonest." *United States v. Caldwell*, 989 F.2d 1056, 1058 (9th Cir. 1993) (*citing Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)). "To convict someone under 18 U.S.C. § 371 the government need only show (1) he entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." *Caldwell*, 989 F.2d at 1059 (*citing Hammerschmidt*, 265 U.S. at 188; *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1991)).

Counts Two through Sixteen charge Defendants with violation of 26 U.S.C. § 7206(2) for aiding in the preparation of materially false income tax returns. The Ninth Circuit has stated that "[i]n order to convict under 26 U.S.C. § 7206(2) the government must prove beyond a reasonable doubt (1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." *United States v. Salerno*, 902 F.2d 1429, 1431-32 (9th Cir. 1990) (*citing United States v. Crooks*, 804 F.2d 1441, 1448 (9th Cir. 1986), *modified*, 826 F.2d 4 (9th Cir. 1987); *United States v. Dahlstrom*, 713 F.2d 1423, 1426–27 (9th Cir. 1983)).

Counts Seventeen through Twenty-One charges Defendants with 18 U.S.C. § 1341 for mail fraud. The elements of mail fraud under 18 U.S.C. § 1341 are: "(1) proof of a scheme to defraud; (2) using or causing the use of the mails to further the fraudulent scheme; and (3) specific intent to defraud." *See United States v. Munoz*, 233 F.3d 1117, 1129 (9th Cir. 2000).

The allegations in the Indictment, accepted as true, are sufficient to support the elements of all counts. The Indictment alleges that Tax Break 2000 is itself a sham product, that purchases of the product were secured with meaningless promissory notes,

and that Defendants created false IRS Forms 1099 to make it appear as though sales of Tax Break 2000 were generating commissions that they were not, all in service of preparing tax returns that rely on these fabricated expenditures to benefit customers financially at the government's expense through claimed credits *and* business expense deductions. So while it is true that the tax credits offered by IRC § 44 played some role in the Defendants' alleged scheme, Defendants have not demonstrated at this stage that the entire Indictment rests on IRC § 44, as Prokop claims. There are allegations of fraud and deceit that bear no significant relationship to the alleged ambiguous passages of IRC § 44. For example, whether IRC § 44 was vague or ambiguous as applied to a home-based business or modification to a website is a question that appears to have no bearing on the Government's ability to prove the charges as set out in the Indictment. The allegations in the Indictment are that Defendants' conduct led to taxpayers using Tax Break 2000 to claim fabricated expenditures, but the Motion does not explain how those allegations rest on the contested portions of IRC § 44. Instead, the Motion appears to presume, without support, that the entire prosecution of the Indictment's charges relies on IRC § 44. Prokop's Motion is denied because the arguments raised do not sufficiently address the allegations in the Indictment.

The Court further notes that, in the Motion, Prokop makes several arguments regarding the Government's ability to show willfulness in light of the alleged ambiguity of IRC § 44. (*See* dkt. no. 298 at 17-19.) Those arguments appear to go towards the sufficiency of the Government's evidence and will not be resolved at this time. *See Nukida*, 8 F.3d at 669-70. Prokop may present those arguments in the form of Fed R. Crim. P. 29 motion, if he so chooses, or again state them in a motion to dismiss for lack of jurisdiction should such a motion become relevant.

IV. **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and
///

determines that they do not warrant discussion as they do not affect the outcome of Prokop's Motion.

It is therefore ordered that Defendants Coolidge and Rodrigues' motions to join in Defendant Prokop's motion to dismiss (dkt. nos. 319, 322) are granted. It is further ordered that Defendant Prokop's motion to dismiss (dkt. no. 298) is denied.

DATED THIS 8th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE