UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>v.<br><br>JOSEPH PROKOP, ALAN L. RODRIGUES and WESTON J. COOLIDGE,<br><br>                      Defendants. | Case No. 2:09-cr-00022-MMD-GWF<br><br>ORDER |

## I.  INTRODUCTION

Defendants have filed two motions in limine (dkt. nos. 297, 302) and the Government has filed two motions in limine (dkt. nos. 316, 317). On April 3, 2014, the Court heard oral argument on the motions ("April 3 Hearing") and issued summary rulings on each motion. (Dkt. no. 356.) The Court will expand on its oral ruling and will address each motion in turn below.

A summary of the general allegations in the Indictment are outlined in the Court's April 8, 2014, order denying Defendants' Motion to Dismiss. (Dkt. no. 357.)

## II.  LEGAL STANDARD

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins.*

*Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III.  MOTIONS IN LIMINE

#### A.  Defendants' Motion in Limine No. 1 (dkt. no. 297)

The Government filed a number of notices and supplements regarding its intent to introduce summary evidence and expert testimony at trial. (Dkt. nos. 289, 291, 294.) On March 4, 2014, Defendant Coolidge filed an opposition to the Government's use of such evidence at trial. Defendants Rodrigues and Prokop have both joined in Coolidge's motion (dkt. nos. 309, 313) and joinder was granted at the April 3 Hearing.

##### 1.  Summary Exhibits

On February 19, 2014, the government filed a notice of intent to use summaries of voluminous evidence pursuant to Federal Rule of Evidence 1006 and summary charts, testimony, and demonstratives pursuant to Rule 611(a). (Dkt. no. 289.) Defendants oppose the use of any summary evidence related to the government's expert witness,

Internal Revenue Service ("IRS") agent Evelyn Kay Fall. As the Government did not attach the summary exhibits it intended to use to its notice, the Court directed the Government to deliver copies of its proposed exhibits to both the Court and Defendants. (Dkt. no. 351.) The Government filed drafts of its three proposed summary exhibits on March 30, 2014. (Dkt. no. 353.)

The Governments proposed summary exhibit 1 includes a summary of items claimed by taxpayers using the Tax Break 2000 product that Ms. Fall will testify should be disallowed under the Internal Revenue Code ("IRC"). (Dkt. no. 353-1.) The Government's proposed summary exhibit 2 provides a summary of the total tax liability based on IRS analysis of the returns of the taxpayers referenced in exhibit 1. (Dkt. no. 353-2.) There does not appear to be a dispute that the underlying evidence summarized in the exhibits is admissible. While the number of taxpayers (14) is relatively small, the Indictment involves multiple tax years. In light of the volume of documents and the documents being tax filings, the Court determines that the summary exhibits will assist the trier of facts. As a result, the Court finds that the Government's proposed summary exhibits 1 and 2 are admissible under Rule 611(a). See *United States v. Gardner*, 611 F.2d 770, 776 (9th Cir. 1980) ("The use of the chart in court contributed to the clarity of the presentation to the jury, avoided needless consumption of time and was a reasonable method of presenting the evidence."). As noted in the April 3 Hearing, however, the Government is directed to review its labels on the draft exhibits to ensure that (1) the labels are consistent and (2) the labels do not include language implying conclusions about Defendants' intent. The Court also expects the parties to continue to work together in finalizing the summary exhibits prior to trial.

The Government's proposed exhibit 3 lists what the Government asserts to be the ultimate total tax loss associated with the sale of the Tax Break 2000 product by NADN. (Dkt. no. 353-3.) Given the parties' disputes regarding the evidence that these summaries are based upon, the Court reserves its decision on exhibit 3 until it has the opportunity to consider the evidence admitted at trial.

## 2. Expert Testimony

Defendants also challenge the proposed scope of Ms. Fall's testimony. Defendants' briefs do not challenge Ms. Fall's qualifications although at the April 3 hearing Defendant Rodrigues in particular contends that she is not qualified to provide legal opinions on the ultimate issue reserved for the jury. The Court finds that Ms. Fall is qualified to testify.

The Court further finds that Ms. Fall is allowed to testify to the Internal Revenue Code and what it allows as well as to the mechanics of the Tax Break 2000 product. Ms. Fall may also testify regarding her opinion of which claimed deductions were not allowed given her understanding of the IRC.

Defendants argue that Ms. Fall should not be permitted to testify as to which claimed deductions were not allowed. However, their arguments are not grounded in legal precedent. To the contrary, the Ninth Circuit has considered the scope of an Internal Revenue agent's expert testimony under similar circumstances. In *United States v. Clardy*, 612 F.2d 1139, 1153 (9th Cir. 1942), which involved the deductibility of interest where the government contended that the claimed interest payment was a sham, the court found that while "the opinion on the deductibility of the interest was intimately related to the question of [Defendant]'s guilt or innocence, it was still admissible." The court reasoned that under Federal Rule of Evidence 704 "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *See id.* (internal citation omitted). Additionally, the court concluded that any potential prejudice was dispelled by the court's instruction to the jury regarding the weight given to expert testimony. *See id.*

In this case, as in *Clardy*, the Court will instruct the jury on the weight given to expert testimony. Indeed, any potential prejudice will be further dispelled given that Defendants will have the opportunity to cross-examine Ms. Fall. While Defendants argue that permitting this testimony will encroach on the province of the jury given Ms. Fall's testimony regarding the law, the Court notes that Ms. Fall's legal analysis concerns the

IRC, not the law that governs the ultimate legal conclusions in this case. However, the Court agrees with Defendants that Ms. Fall may not testify to Defendants' state of mind, including Defendants' intent in counseling taxpayers.

### B. Defendants' Motion in Limine No. 2 (dkt. no. 302)

On February 19, 2014, the Government filed a notice of intent to introduce evidence subject to Federal Rule of Evidence 404(b) (dkt. no. 288), and on March 6, 2014, the Government supplemented its notice (dkt. no. 299). Defendant Coolidge moved to exclude each category of evidence outlined in the Government's notices. (Dkt. no. 302.) Defendants Rodrigues and Prokop have both joined in Coolidge's motion (dkt. nos. 310, 314) and joinder was granted at the April 3 Hearing.

#### 1. Government's February 19 Notice

On February 19, 2014, the Government provided notice under Rule 404(b) that it may introduce eleven categories of information at trial. In its Response to Defendants' motion to exclude each category, the Government withdrew its notice to introduce categories 6, 8, and 11. The Court will address each remaining category in turn.

##### a. Categories 1-5

The first five categories of information that the Government provided notice of its intent to introduce are primarily offered in order to demonstrate the Defendants' intent and willfulness in violating tax laws. The Government seeks to introduce evidence that: (1) NADN failed to pay employment taxes for three quarters in 2003 and failed to timely file a Form 941 for a quarter in 2003; (2) Prokop failed to file tax returns in 2003 and 2004; (3) Coolidge failed to file a personal tax return in 2003; (4) Coolidge failed to file corporate tax returns and payroll tax returns for his other entities (Bridgeway Corporation, Pacific Northwest, Inc., and WJC Enterprises, Inc.); and (5) Defendants used Nevada shell corporations to receive income.

The Court finds, and the Government seems to concede, that categories 1 through 5 are not inextricably intertwined with the allegations charged in the Indictment. To the extent that the Government seeks to include such information as evidence of

Defendants' intent as applied to the charges in this case, the Court finds that the Government has not demonstrated its relevancy. Even if it were undisputed that Defendants committed the acts described in categories 1 through 5,[1] the fact that Defendants have violated tax laws previously, either for their personal returns or the returns of other corporate entities, does not constitute evidence that Defendants had the requisite intent for the crimes charged in this case. While the Government suggests that these bad acts are related to the alleged conspiracy, the conspiracy at issue in the case involves Defendants' defrauding the United States through their assistance of other taxpayers, not defrauding the United States on their own behalf. Therefore, the evidence described in categories 1 through 5 of prior bad acts is precisely the type of character evidence that must be excluded under Rule 404(b)(1). Finally, the Court notes that even if it were to find this evidence admissible under Rule 404, it would be unduly prejudicial, as well as confusing, under Federal Rule of Evidence 403.

### b. Category 7

In category 7, the Government seeks to introduce evidence that NADN promoted to customers the creation of a sham home-based business in order to create fraudulent business expenses and reduce taxes. The Government has withdrawn this notice except to the extent that certain Tax Break 2000 customers improperly deducted home-based business-type expenses on their tax returns and such improper expenses directly related to Tax Break 2000.

The Court agrees with the Government that evidence limited to these allegedly improper deductions is inextricably intertwined with the allegations in the Indictment. As a result, the Court will allow admission of this evidence to permit the government to explain why the expenses should be disallowed.

---

[1] Defendants do not concede the illegality or impropriety of any of the conduct alleged by the Government. (*See* dkt. no. 302.) As a result, as a logistical matter, allowing admission of this evidence would require mini trials, elongating an already lengthy trial and confusing the jury.

### c. Category 9

In category 9, the Government seeks to introduce evidence that Defendant Prokop promoted Tax Break 2000 to entities/individuals besides NADN. This evidence, the Government asserts, will come out as general background evidence through witness testimony. The Court agrees that this evidence, which allegedly took place during 2001-2004, is relevant background in establishing how Prokop promoted Tax Break 2000. *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995) (finding that evidence that is necessary to permit the prosecutor to offer a coherent story of the background surrounding the alleged crime is admissible). Indeed, even if this evidence were not necessary background information, given that the promotion of Tax Break 2000 is essential to the charges in the Indictment, the evidence is admissible under Rule 404.

### d. Category 10

Finally, the Government has provided notice of its intent to introduce evidence that NADN stopped operating temporarily in 2002 due to an FTC lawsuit. It further states that the FTC lawsuit was the impetus behind Coolidge's purchase of NADN and provided motivation to Rodrigues and Coolidge to sell Tax Break 2000 in order to recoup lost profits. The Government does not intend to provide the reasons behind, nor documents from, the FTC lawsuit or shutdown of NADN, nor arguments suggesting that the FTC lawsuit somehow establishes that the defendants committed the acts in this case.

As described in Section III.B.1.c *supra*, background facts explaining the unfolding of events that led to an indictment or other circumstances surrounding the charged criminal conduct are admissible. Additionally, given the limited use of the evidence, the Court does not find that it will be unduly prejudicial under Rule 403.

### 2. Government's March 6 Notice

On March 6, 2014, the Government supplemented its notice regarding 404(b) information to include four additional categories of information. (Dkt. no. 299.) In its Response to Defendants' motion to exclude each category, the Government withdrew its notice to introduce category 1. The Court will address each remaining category in turn.

### e.  Category 2

In its supplemental notice, the Government indicated its intent to introduce evidence that Coolidge helped Dan Porter create Oryan Management, Inc. ("OMI"). OMI, the Government claims, was to take the place of Oryan Management and Financial, which created, marketed, and serviced Tax Break 2000. (*See* dkt. no. 299 at 2.) The Government explains that this information is inextricably intertwined with the allegation in the Indictment that OMI operated as a shell company of Oryan Management.

The Court agrees that this evidence is inextricably intertwined with allegations in the Indictment. Additionally, it lays necessary foundation regarding Coolidge's alleged intentional participation in the conspiracy at issue in this case, and is thus admissible under Rule 404.

### f.  Categories 3-4

In category 3, the Government seeks to introduce evidence that Coolidge attempted to assist Porter in evading taxes related to OMI. In category 4, the Government seeks to introduce evidence that in May 2004, after filing for bankruptcy and after the IRS filed an injunction against NADN and Defendants, Coolidge and Rodrigues removed NADN business records from NADN offices and relocated them.

Neither of these categories relate directly to the conspiracy at issue in this case. Regarding category 3, acts that allegedly demonstrate general disregard for the tax system are impermissible character evidence, as discussed in Section III.B.1.a. *supra*. Regarding category 4, the Government acknowledges that the information it seeks to introduce likely occurred after the conspiracy had ended (*see* dkt. no. 349 at 17), and thus is not relevant to the conspiracy itself. Additionally, the Court does not agree that this evidence demonstrates "consciousness of guilt and criminal intent regarding the allegations in the indictment." (*See id.*) The Court therefore concludes that the information in categories 3 and 4 is not relevant under Rule 404. However, even if the Court deemed the information to be relevant, it would be unduly prejudicial under Rule 403.

### C. Government's Motion in Limine No. 1 (dkt. no. 316)

On March 11, 2014, the Government moved to exclude evidence relating to the purported unsettled nature of certain IRC provisions that deal with claiming credits under the Americans with Disabilities Act. (Dkt. no. 316.) The Government's motion appears to be motivated by Prokop's Motion to Dismiss, joined by Coolidge and Rodrigues, which attached as exhibits a number of documents allegedly showing that relevant portions of the tax law were unclear at the time of the events at issue in this case. (Dkt. no. 298) Each Defendant responded separately to the Government's motion to exclude this evidence. (Dkt. nos. 338, 343, 347.)

The Court agrees with the Government that evidence regarding the lack of clarity in certain IRC provisions, internal debates regarding IRC interpretation, and debate about the application of IRC provisions to Tax Break 2000 should be excluded. Based on the evidence that Defendants attached to their Motion to Dismiss, the Court does not find that Defendants have established that (1) there was uncertainty regarding the tax credits that would be allowed or (2) any claimed uncertainty would necessarily be relevant to the charges in this case. To the extent Defendants seek to introduce such evidence, Defendants must establish that they knew about the internal deliberations and that these deliberations affected how they handled the Tax Break 2000 program. Defendants will, of course, also have the opportunity to cross-examine Ms. Fall, and, depending on her testimony, may be permitted to use such evidence in their cross-examination.

### D. Government's Motion in Limine No. 2 (dkt. no. 317)

The Government filed a second motion in limine regarding the admissibility of business records. (Dkt. no. 317.) Each Defendant responded separately. (Dkt. nos. 330, 337, 346.) The parties agreed at the April 3 Hearing that they are working towards a stipulation regarding the introduction of business records at trial and that the Court need not consider the Government's motion at this time. The Court, therefore, denies the Government's Motion without prejudice.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues raised in the parties' motions in limine.

The parties' motions in limine are resolved as follows:

Defendant's Motion in Limine No. 1 (dkt. no. 297) is granted in part and denied in part. The Court will admit the Government's proposed summary exhibits 1 and 2, subject to the modifications outlined in the Order and the April 3 Hearing, and will exclude summary exhibit 3 pending consideration of the testimony presented at trial. The Court will further allow Ms. Fall to testify in a manner consistent with this Order.

Defendant's Motion in Limine No. 2 (dkt. no. 302) is granted in part and denied in part. The Court will admit information in categories 7, 9, and 10 from the Government's February 19 notice and information from category 2 from the Government's March 6 supplemental notice.

The Government's Motion in Limine No. 1 (dkt. no. 316) is granted.

The Government's Motion in Limine No. 2 (dkt. no. 317) is denied.

DATED THIS 11th day of April 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE